**UNITED STATES of America,**
**Plaintiff–Appellee,**

**Monroe County Savings Bank,**
**Claimant–Appellee,**

v.

**The PREMISES AND REAL PROPERTY AT 614 PORTLAND AVENUE (Formerly Known as 7–9 Fernwood Avenue), CITY OF ROCHESTER, COUNTY OF MONROE, STATE OF NEW YORK, Defendant,**

**Robert J. Silveri, Defendant–Appellant Claimant–Appellant,**

**Silvercrest Construction Corp., Claimant–Appellant.**

**No. 960, Docket 88–6001.**

United States Court of Appeals,
Second Circuit.

Argued April 21, 1988.
Decided May 10, 1988.

Donald F. Potter, Rochester, N.Y. (Culley, Marks, Corbett, Tanenbaum, Reifsteck & Potter, Rochester, N.Y., of counsel), for appellants Property and Robert J. Silveri.

Walter J. Licata, Rochester, N.Y. (Levy, Feldman & Licata, Rochester, N.Y., of counsel), for appellant Silvercrest Const. Corp.

Christopher V. Taffe, Asst. U.S. Atty., W.D.N.Y., Rochester, N.Y. (Roger P. Williams, U.S. Atty., W.D.N.Y., Rochester, N.Y., of counsel), for appellee.

Before TIMBERS, MESKILL and KEARSE, Circuit Judges.

PER CURIAM:

This appeal arises out of a civil *in rem* forfeiture proceeding instituted by the

United States government against certain real property located at 614 Portland Avenue in Rochester, New York. The government filed a complaint and an affidavit, alleging that the subject property was being used in connection with illegal gambling, in violation of 18 U.S.C. § 1955 (1982), and was therefore subject to forfeiture under 18 U.S.C. § 1955(d). Based on those submissions, a federal magistrate issued a seizure warrant and a writ of entry allowing federal authorities to seize the property.

Subsequently, three parties came forward to claim interests in the property. The claimants were Robert J. Silveri, who claimed to be the owner of the property and who also claimed to represent the property itself; Silvercrest Construction Corp. (Silvercrest), which claimed to hold a mechanic's lien on the property; and Monroe Savings Bank, which claimed to hold a collateral security mortgage. In a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), Silveri and Silvercrest argued, *inter alia*, that Congress had never intended the civil forfeiture provision of 18 U.S.C. § 1955(d) to reach real property. The United States District Court for the Western District of New York, Telesca, *J.*, denied the motion, holding that 18 U.S.C. § 1955(d) could reach real property as well as personal property. Judge Telesca subsequently granted a motion to certify this controlling question of law for appeal pursuant to 28 U.S.C. § 1292(b) (1982 & Supp. III 1985). We permitted the taking of an appeal from the order denying the motion for judgment on the pleadings.

The order of the district court is affirmed substantially for the reasons stated in Judge Telesca's opinion below. *See United States v. The Premises and Real Property At 614 Portland Avenue,* 670 F.Supp. 475, 476–78 (W.D.N.Y. 1987).